JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

IMTIAZ ALI

## DEFENDANTS

WIRELESSPCS PA, LLC, d/b/a WPCS PA, LLC, John Doe Companies, Adil Ali, Omar Abdelhafez, Amjad Barakat, Imtiaz Ali

**(b)** County of Residence of First Listed Plaintiff  Philadelphia, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Philadelphia, PA
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Ari R. Karpf, Esq., Karpf, Karpf & Cerutti, P.C. 3331 Street Road, Suite 128, Bensalem, PA 19020; (215) 639-0801

Attorneys *(If Known)*
Casey Green, Esq., Sidkoff Pincus & Green, P.C., 1101 Market Street, Suite 2700, Philadelphia, PA 19107; (215) 574-0600

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ❏ 2  U.S. Government Defendant
- ❏ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 376 Qui Tam (31 USC 3729(a)) |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | Product Liability | | | ❏ 400 State Reapportionment |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & | ❏ 367 Health Care/ Pharmaceutical | | **PROPERTY RIGHTS** | ❏ 410 Antitrust |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Personal Injury | | ❏ 820 Copyrights | ❏ 430 Banks and Banking |
| ❏ 151 Medicare Act | ❏ 330 Federal Employers' | Product Liability | | ❏ 830 Patent | ❏ 450 Commerce |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | Liability | ❏ 368 Asbestos Personal Injury Product Liability | | ❏ 835 Patent - Abbreviated New Drug Application | ❏ 460 Deportation |
| | ❏ 340 Marine | | | ❏ 840 Trademark | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| ❏ 160 Stockholders' Suits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | ☒ 710 Fair Labor Standards Act | ❏ 861 HIA (1395ff) | ❏ 485 Telephone Consumer Protection Act |
| ❏ 190 Other Contract | ❏ 355 Motor Vehicle Product Liability | ❏ 371 Truth in Lending | ❏ 720 Labor/Management Relations | ❏ 862 Black Lung (923) | ❏ 490 Cable/Sat TV |
| ❏ 195 Contract Product Liability | ❏ 360 Other Personal Injury | ❏ 380 Other Personal Property Damage | ❏ 740 Railway Labor Act | ❏ 863 DIWC/DIWW (405(g)) | ❏ 850 Securities/Commodities/ Exchange |
| ❏ 196 Franchise | ❏ 362 Personal Injury - Medical Malpractice | ❏ 385 Property Damage Product Liability | ❏ 751 Family and Medical Leave Act | ❏ 864 SSID Title XVI | ❏ 890 Other Statutory Actions |
| | | | ❏ 790 Other Labor Litigation | ❏ 865 RSI (405(g)) | ❏ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ❏ 893 Environmental Matters |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 895 Freedom of Information Act |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 896 Arbitration |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate Sentence | | | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations | ❏ 530 General | | | |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 535 Death Penalty | **IMMIGRATION** | | ❏ 950 Constitutionality of State Statutes |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 448 Education | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration Actions | | |
| | | ❏ 550 Civil Rights | | | |
| | | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ❏ 1  Original Proceeding
- ☒ 2  Removed from State Court
- ❏ 3  Remanded from Appellate Court
- ❏ 4  Reinstated or Reopened
- ❏ 5  Transferred from Another District *(specify)*
- ❏ 6  Multidistrict Litigation - Transfer
- ❏ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. 201, et seq. (Fair Labor Standards Act)

Brief description of cause:
Claims for misrepresentation and unpaid wages

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ❏ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE  Juan R. Sanchez

DOCKET NUMBER  2:19-cv-05282-JS

DATE
11/26/2019

SIGNATURE OF ATTORNEY OF RECORD

NOV 26 2019

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

19-CV-5568

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JS 19 5568

**DESIGNATION FORM**

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 2910 Passmore Street, Philadelphia PA 19149 _____

Address of Defendant: _____ 5239 Frankford Avenue, Philadelphia PA 19124 _____

Place of Accident, Incident or Transaction: _____ Philadelphia, PA _____

---

**RELATED CASE, IF ANY:**

Case Number: 2:19-cv-05282-JS     Judge: Juan R. Sanchez     Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?     Yes ☐     No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?     Yes ☑     No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?     Yes ☐     No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?     Yes ☐     No ☑

I certify that, to my knowledge, the within case ☑ is / ☐ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 11/26/2019     _____ (Sign here) _____     91005

*Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.     Federal Question Cases:**

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☑ 11. All other Federal Question Cases
*(Please specify):* _____ Fair Labor Standards Act _____

**B.     Diversity Jurisdiction Cases:**

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
*(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Casey Green , counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☑ Relief other than monetary damages is sought.

NOV 26 2019

DATE: 11/26/2019     _____ (Sign here if applicable) _____     91005

*Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

JS

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

IMTIAZ ALI

v.

WIRELESS PCS PA, LLC, et al.

CIVIL ACTION

19        5568

NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (X)

| | | |
|---|---|---|
| 11-26-19 | Casey Green<br>CASEY GREEN | Defendants Wireless PCS, PA, LLC, |
| Date | Attorney-at-law | Attorney for   Adil Ali & Imtiaz Ali |
| 215-574-0600 | 215-574-0310 | CG@sidkoffpincusgreen.com |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660) 10/02

NOV 26 2019



JS

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA

IMTIAZ ALI,                          CASE NO.
      Plaintiff,

                          **19      5568**

    vs.

WIRELESSPCS PA, LLC, d/b/a WPCS PA, LLC;
JOHN DOE COMPANIES 1-10; and
ADIL ALI; and
OMAR ABDELHAFEZ; and
AMJAD BARAKAT; and
IMTIAZ ALI
          Defendants.

## DEFENDANTS' NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendants WirelessPCS PA, LLC, d/b/a

WPCS PA, LLC ("WirelessPCS PA"), Adil Ali and Imtiaz Ali (collectively "Removing

Defendants") hereby remove the subject action from the Court of Common Pleas of Pennsylvania,

Philadelphia County, to the United States District Court for the Eastern District of Pennsylvania,

on the following grounds:

1.      On November 8, 2019, Plaintiff Imtiaz Ali ("Plaintiff") filed a Complaint

("Complaint") with the Court of Common Pleas of Pennsylvania, Philadelphia County. A copy of

the Complaint is attached hereto as **Exhibit A**.

2.      On or around November 11, 2019, Removing Defendants discovered that the

Complaint had been filed.

3.      In the Complaint, Plaintiff makes claims under the Fair Labor Standards Act

("FLSA"). See Complaint ¶¶ 50-55.

4.      This Court has original jurisdiction over the subject action pursuant to 28 U.S.C. § 1331 since there is a federal question.  As alleged, this suit falls within the FLSA which thus supplies the federal question.

5.      Pursuant to 28 U.S.C. § 1441, *et seq.*, this cause may be removed from the Court of Common Pleas of Pennsylvania, Philadelphia County, to the United States District Court for the Eastern District of Pennsylvania.

6.      To the best of Removing Defendant's knowledge, no other named Defendant in this matter has been properly served as of the date and time of this Notice of Removal.  The Complaint mistakenly alleges that Defendants Omar Abdelhafez and Amjad Barakat are working for WirelessPCS PA as Managers and lists their address as the corporate address for WirelessPCS PA. See Complaint ¶¶ 8-9.  However, neither Defendant has any present affiliation with WirelessPCS PA, nor is WirelessPCS PA aware of their addresses or where they could be served.

7.      Notice of this removal will promptly be filed with the Court of Common Pleas of Pennsylvania, Philadelphia County and served upon all adverse parties.

WHEREFORE, Defendants WirelessPCS PA, LLC, d/b/a WPCS PA, LLC, Adil Ali and Imtiaz Ali remove the subject action from the Court of Common Pleas of Pennsylvania, Philadelphia County, to this United States District Court, Eastern District of Pennsylvania.

Date:   November 26, 2019

Respectfully submitted,

Casey B. Green, Esq.
Sidkoff, Pincus & Green, P.C.
2700 Aramark Tower
1101 Market Street
Philadelphia, PA  19107
Telephone:  (215) 574-0600
Fax:  (215) 574-0310
E-Mail:  cg@sidkoffpincusgreen.com

*Counsel for Defendants WirelessPCS PA,*
*LLC, d/b/a WPCS PA, LLC, Adil Ali and*
*Imtiaz Ali*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been filed on November 26, 2019.  Notice of this filing will be sent to the following by operation of the Court's electronic filing system:

Ari R. Karpf, Esquire
Karpf, Karpf & Cerutti, P.C.
3331 Street Road, Suite 128
Two Greenwood Square
Bensalem, PA 19020
*Counsel for Plaintiff*

Casey B. Green, Esq.
Sidkoff, Pincus & Green, P.C.
2700 Aramark Tower
1101 Market Street
Philadelphia, PA  19107
Telephone:  (215) 574-0600
Fax:  (215) 574-0310
E-Mail:  cg@sidkoffpincusgreen.com

*Counsel for Defendants WirelessPCS PA, LLC, d/b/a WPCS PA, LLC, Adil Ali and Imtiaz Ali*

# EXHIBIT "A"



## First Judicial District of Pennsylvania
## Court of Common Pleas of Philadelphia

Imtiaz Ali v. Wirelesspcs PA, LLC, d/b/a WPCS PA, LLC, et al.

Docket No.: 191101144

Serve upon:
WIRELESSPCS PA, LLC, d/b/a WPCS PA, LLC
5239 Frankford Avenue
Philadelphia, PA 19124

## NOTICE TO DEFEND

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. |
| *You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.* | *Lleve esta demanda a un abogado inmediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.* |
| Philadelphia Bar Association<br>Lawyer Referral<br>and Information Service<br>One Reading Center<br>Philadelphia, Pennsylvania 19107<br>(215) 238-6333<br>TTY (215) 451-6197 | Asociacion De Licenciados<br>De Filadelfia<br>Servicio De Referencia E<br>Informacion Legal<br>One Reading Center<br>Filadelfia, Pennsylvania 19107<br>(215) 238-6333<br>TTY (215) 451-6197 |

10-284

Case ID: 191101144

Court of Common Pleas of Philadelphia County
Trial Division
# Civil Cover Sheet

| For Prothonotary Use Only (Docket Number) |
| --- |
| **NOVEMBER 2019** |
| E-Filing Number: 1911019785 |
| **001144** |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| --- | --- |
| IMTIAZ ALI | WIRELESSPCS PA, LLC, ALIAS: WPCS PA, LLC |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
| --- | --- |
| 2910 PASSMORE STREET<br>PHILADELPHIA PA 19149 | 5239 FRANKFORD AVENUE<br>PHILADELPHIA PA 19124 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| --- | --- |
| | JOHN DOE COMPANIES 1-10 |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
| --- | --- |
| | 5239 FRANKFORD AVENUE<br>PHILADELPHIA PA 19124 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| --- | --- |
| | ADIL ALI |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
| --- | --- |
| | 5239 FRANKFORD AVENUE<br>PHILADELPHIA PA 19124 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION | | |
| --- | --- | --- | --- | --- |
| 1 | 6 | [X] Complaint | [ ] Petition Action | [ ] Notice of Appeal |
| | | [ ] Writ of Summons | [ ] Transfer From Other Jurisdictions | |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
| --- | --- | --- | --- | --- |
| [ ] $50,000.00 or less | [ ] Arbitration | [ ] Mass Tort | [ ] Commerce | [ ] Settlement |
| [X] More than $50,000.00 | [X] Jury | [ ] Savings Action | [ ] Minor Court Appeal | [ ] Minors |
| | [ ] Non-Jury | [ ] Petition | [ ] Statutory Appeals | [ ] W/D/Survival |
| | [ ] Other: | | | |

CASE TYPE AND CODE

4F - FRAUD

STATUTORY BASIS FOR CAUSE OF ACTION

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | **FILED**<br>**PRO PROTHY**<br>NOV **08** 2019<br>**A. SILIGRINI** | IS CASE SUBJECT TO COORDINATION ORDER?<br>YES          NO |
| --- | --- | --- |

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: IMTIAZ ALI

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
| --- | --- |
| ARI R. KARPF | KARPF, KARPF & CERUTTI, P.C.<br>3331 STREET ROAD, SUITE 128<br>TWO GREENWOOD SQUARE |
| PHONE NUMBER (215)639-0801  FAX NUMBER (215)639-4970 | |
| SUPREME COURT IDENTIFICATION NO. 91538 | E-MAIL ADDRESS akarpf@karpf-law.com |
| SIGNATURE OF FILING ATTORNEY OR PARTY ART KARPF | DATE SUBMITTED Friday, November 08, 2019, 03:22 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

## COMPLETE LIST OF DEFENDANTS:

1. WIRELESSPCS PA, LLC
   ALIAS: WPCS PA, LLC
   5239 FRANKFORD AVENUE
   PHILADELPHIA PA 19124

2. JOHN DOE COMPANIES 1-10
   5239 FRANKFORD AVENUE
   PHILADELPHIA PA 19124

3. ADIL ALI
   5239 FRANKFORD AVENUE
   PHILADELPHIA PA 19124

4. OMAR ABDELHAFEZ
   5239 FRANKFORD AVENUE
   PHILADELPHIA PA 19124

5. AMJAD BARAKAT
   5239 FRANKFORD AVENUE
   PHILADELPHIA PA 19124

6. IMTIAZ ALI
   5239 FRANKFORD AVENUE
   PHILADELPHIA PA 19124

**KARPF, KARPF, CERUTTI, P.C.**
By: Ari R. Karpf
Attorney I.D. No.: 91538
3331 Street Road
Two Greenwood, Suite
Bensalem, PA 19020
(215) 639-0801

| | | |
|---|---|---|
| IMTIAZ ALI | : | |
| 2910 Passmore Street | : | |
| Philadelphia, PA 19149 | : | COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY |
| Plaintiff, | : | |
| | : | |
| v. | : | NO.: |
| | : | |
| WIRELESSPCS PA, LLC, d/b/a WPCS | : | |
| PA, LLC | : | |
| 5239 Frankford Avenue | : | **JURY TRIAL DEMANDED** |
| Philadelphia, PA 19124 | : | |
| and | : | |
| JOHN DOE COMPANIES 1-10 | : | |
| and | : | |
| ADIL ALI | : | |
| 5239 Frankford Avenue | : | |
| Philadelphia, PA 19124 | : | |
| and | : | |
| OMAR ABDELHAFEZ | : | |
| 5239 Frankford Avenue | : | |
| Philadelphia, PA 19124 | : | |
| and | : | |
| AMJAD BARAKAT | : | |
| 5239 Frankford Avenue | : | |
| Philadelphia, PA 19124 | : | |
| and | : | |
| IMTIAZ ALI | : | |
| 5239 Frankford Avenue | : | |
| Philadelphia, PA 19124 | : | |
| | : | |
| Defendants. | : | |

## CIVIL ACTION COMPLAINT

Plaintiff, Imtiaz Ali (*hereinafter* referred to as "Plaintiff" unless otherwise indicated)

hereby complains as follows against the above-captioned Defendants.

## VENUE

1.       Venue is properly laid in the County of Philadelphia pursuant to Rule 1006(a) of the Pennsylvania Rules of Civil Procedure because the transactions and occurrences from which the instant action arises occurred in that County.

## PARTIES

2.       The averment of the foregoing paragraph is hereby incorporated by reference as if set forth fully herein.

3.       Plaintiff is an adult individual residing at the above-captioned address.

4.       Defendant WirelessPCS Pa, LLC (hereinafter "Defendant PCS LLC") is a for-profit corporation organized under the laws of this Commonwealth and engaging in the business of cellular phone and other electronic product sales and related services.

5.       Defendant John Doe Companies 1-10 are upon information and belief other business aliases and names utilized for the same organization of Defendant PCS LLC, as a single intertwined operation. But the aliases and other corporate names are unknown at this time because they were concealed from Plaintiff.

6.       Defendant Adil Ali (hereinafter "Defendant Ali") is upon information and belief a high-level office, owner, shareholder and operations manager of Defendant PCS LLC and John Doe Companies 1-10.

7.       Defendant Omar Abdelhafez (hereinafter "Defendant Abdelhafez") has been interchangeably an "Area Manager" or "District Manager" within Defendant PCS LLC and John Doe Companies 1-10.

8.       Defendant Amjad Barakat (hereinafter "Defendant Barakat") has been an "Area Manager" within Defendant PCS LLC and John Doe Companies 1-10.

2

9.      Defendant Imtiaz Ali ("Defendant IA"), bearing the same name as Plaintiff, was a business partner of the other individual Defendants and a manager of operations for Defendant PCS LLC and Joe Doe Companies 1-10.

10.     At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

### FACTUAL BACKGROUND

11.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

12.     Plaintiff is a 22-year-old male, and Defendants collectively and jointly *exploited* Plaintiff as they have pervasively done with other young and hard-working individuals aspiring to become a business owner.

### (A) <u>Plaintiff was defrauded by Defendants</u>.

13.     "Effective on 10-23-2017," Plaintiff was presented with a document referred to as an "Operator Agreement" because he was promised he *would become* an "owner" of Defendant PCS LLC and be permitted to operate at least one (1) location of Defendant PCS LLC (as it owned many locations). *See* "Operator Agreement," attached hereto as "Exhibit A."

14.     Although    labeled    "Operator    Agreement,"    Plaintiff    was    informed contemporaneous to receipt of the Agreement, he was an employee *until* a specific contract of ownership was later agreed upon.

15.     The Operator Agreement, attached hereto as "Exhibit A," wholly confirms that Plaintiff was only in fact *an employee* (and non-owner), as: (1) the document itself contained nothing about ownership or equity; (2) was a preliminary non-disclosure document while

Case ID: 191103144

Plaintiff *was awaiting* a proposed ownership contract; and (3) the document itself states: "This agreement is a preliminary agreement. *__Actual__ **contract will be signed on or before 60-90 day period.**" (Emphasis added).

16.     Plaintiff was further informed as a showing of good faith; he was required to pay $30,000.00 which would be later included as his payment towards ownership in the anticipated ownership contract he was to be provided.

17.     Plaintiff in fact advanced $30,000.00 and was directed by Defendant Ali to pay said sum to Defendant IA. This money was paid, expecting it would be held in escrow until a contract for ownership was discussed, drafted, given and/or reached amongst everyone.

18.     Relying on a promise of being presented with an anticipated ownership contract, Plaintiff was assigned to work at Defendant's 1501 N. 52nd Street, Philadelphia PA 19131 site (the "1501 location").

19.     Plaintiff was informed by Defendants that he would be $1,000 per week, plus commissions for his sales while awaiting an actual contract for ownership.   Plaintiff was in essence promised that he would be presented with a contract for ownership in exchange for sweat equity and the aforesaid $30,000.00 payment (being willing to run the store location continually in exchange for ownership and profit sharing).

20.     Defendants however have and continue to engage in a pattern of fraud by enticing young, enthusiastic individuals such as Plaintiff with a false (and fraudulent) promise of potential ownership (they never intend to offer).   In fact, Plaintiff was **never** presented with a proposed ownership contract within 60-90 days **or ever thereafter**.

Case ID: 191101144

21.     Instead, Plaintiff was functionally used (and completely exploited) merely as an inside sales representative from approximately October of 2017 through in or about December of 2018 (a period of roughly 1 year).

22.     As an "employee," Plaintiff was required to: (1) follow company policies; (2) face progressive discipline or termination for violations of employment policies; (3) report to a hierarchy of management (in particular the named individual Defendants); and (4) he worked within the premises of Defendants using their equipment, supplies, and following their directives daily. *See e.g.* 2/19/18 e-mail to Plaintiff, attached hereto as "Exhibit B" (issuance of "1st Warning / Writeup" and threatening him with "termination").

23.     Plaintiff worked only for Defendants from October of 2017 through December of 2018, dedicating his full-time (and overtime) efforts to Defendants. Everything Plaintiff did was that of an expected *employee* of a corporation.

24.     After being presented with a preliminary non-disclosure agreement under the false verbal and documented promises of being presented with an ownership contract to review and execute, Plaintiff was only ever used as a sales representative. And Plaintiff was continually misled about various delays while continuing to work as an employee. This was just point-blank fraud.

25.     And further, Plaintiff was never told what happened to his $30,000.00 that was supposed to be held pending a contract being given to him and everyone reaching an agreement on his potential ownership interest.

Case ID: 190101144

**(B) Plaintiff was unlawfully paid while working as an employee for Defendants.**

26.     Plaintiff was promised pay of $1,000.00 per week, plus commissions while in the employ of Defendants (at the commencement of his hire). Neither occurred.

27.     Plaintiff was in fact rarely ever paid commissions, and he was only paid $400.00 - $800.00 in most weeks of his employment.  On occasion, he would be paid up to $1,000.00 for a week of work. But his pay drastically fluctuated at Defendant's desire.

28.     Plaintiff was directed to take certain sums of cash out of the register, which is all he took during particular weeks. And these sums ranged between $400.00 - $1,000.00 as aforesaid.  Plaintiff did not get paid a consistent salary each week, and he was only paid in cash per the aforesaid directives given to him by Defendants.

29.     Plaintiff's role on behalf of Defendants was that of an inside sales representative wherein he: (1) discussed products (usually phones) with customers all day; (2) helped them select one for purchase, renewal or service; (3) sold accessories; (4) operated the cash register; and (5) setup phones, service, and other accessories as requested or purchased by customers.  He was a product salesman.

30.     In the above capacity, Plaintiff worked up to 7 days per week and often 60-90 hours per week. Plaintiff was **never** paid overtime compensation as legally required.

31.     Plaintiff's entire job was *inside sales*, a role he performed every day, all day.  Any employee whose primary duties are inside sales such as Plaintiff is entitled to overtime compensation, regardless of how they are paid (hourly or salary).[1]

---

[1] *See* 29 CFR § 541.500 (explaining the only types of sales employees exempt from overtime obligations are those who perform outside sales, such as traveling salesman).

6

Case ID: 191101144

32.     Plaintiff's primary duties did not include management, as all he did every day was inside sales work. But even if Defendants were to assert Plaintiff performed some management duties (such as making occasional deposits for the store), such an assertion would be futile as Plaintiff's "primary duties" were inside sales.[2]

33.     Moreover, any employee is non-exempt regardless of his or her duties where he or she is not paid a set salary.[3] Plaintiff was paid differently per week, whatever directed by Defendants.

34.     Plaintiff did not meet the salary element <u>or</u> the duties element to be exempt under any state or federal law(s) from non-payment of overtime compensation.

35.     Plaintiff was <u>not</u> paid: (1) owed commissions; (2) promises money per week of $1,000.00; or (3) any overtime compensation.

36.     Defendants have completely conducted themselves willfully and in the absence of good faith, as they:

> (1) Perpetuate a scheme to defraud individuals hoping to be business owners;
>
> (2) Engage in tax evasion and pay cash to employees;
>
> (3) Fail to properly provide employees with any accounting of income or payment(s);
>
> (4) Fail to properly provide employees such as Plaintiff with tax documentation;
>
> (5) Knowingly fail to pay employees such as Plaintiff promised commissions, wages, or overtime compensation; and

---

[2] *See e.g. Hickton v. Enter. Rent-a-Car Co. (In re Enter. Rent-a-Car Wage & Hour Empl. Practices Litig.)*, 2012 U.S. Dist. LEXIS 101098 (W.D. Pa. 2012)(even if an employee performs some management duties, if his or her **primary duties** are inside sales, the employee is entitled to overtime compensation).

[3] *See* 29 CFR § 541.602 (no overtime exemption may apply where an employee is not paid a set, predetermined salary)

Case ID: 191101144

> (6) Make no effort to comply with local, state or federal obligations to track, document and contemporaneously retain time worked by employees.[4]

37.     Plaintiff is owed well in excess of $70,000.00 in unpaid overtime compensation alone, which must be *automatically* doubled.[5] This is **in addition** to unpaid wages and commissions remaining owed.

### (C) **Other impropriety relevant to the underlying legal claims herein.**

38.     Plaintiff was involuntarily terminated by Defendants in December of 2018 without ever having been presented with ownership terms or documentation, as Defendants never had such intent.

39.     Plaintiff continued to work for Defendants notwithstanding the continual exploitation and lack of proper compensation **because** he was 20-21 years old while working for Defendants, inexperienced with prospects of ownership, and relying on promises made if he worked hard.

---

[4] The failure of an employer to abide by mandatory record-keeping of hours worked by an employee violates 29 U.S.C. § 211(c). As a result, an employer's estimates of hours typically worked may be accepted. *See e.g. Zeng Liu v. Jen Chu Fashion Corp.*, 2004 WL 33412, at *8 (S.D.N.Y. 2004).

[5] *See e.g. Solis v. Min Fang Yang*, 345 Fed. Appx. 35 (6th Cir. 2009)(Affirming award of liquidated damages explaining "under the Act, liquidated damages are compensation, not a penalty or punishment, and no special showing is necessary for the awarding of such damages. Rather, **they are considered the norm** and have even been referred to by this court as mandatory."); *Gayle v. Harry's Nurses Registry, Inc.*, 594 Fed. Appx. 714, 718 (2d Cir. 2014)(Affirming award of liquidated damages explaining there is an automatic "presumption" of liquidated damages and "double damages are the **norm**, single damages the exception," as the burden to avoid liquidated damages is a "difficult burden."); *Haro v. City of Los Angeles*, 745 F.3d 1249 (9th Cir. 2014)(Affirming award of liquidated damages explaining they are the "norm" and "mandatory" unless the employer can establish the very "difficult burden" of subjective and objective attempts at FLSA compliance); *Chao v. Barbeque Ventures, LLC*, 547 F.3d 938, 942 (8th Cir. 2008)(Affirming award of liquidated damages explaining that the employer mistakenly argues its non-compliance was not willful, misunderstanding the high burden to show affirmative steps of attempted compliance and research of the FLSA and separately that its diligence and belief in non-payment of overtime was also objectively reasonable.); *Chao v. Hotel Oasis, Inc.*, 493 F.3d 26 (1st Cir. 2007)(Affirming award of liquidated damages explaining that they will always be considered the "norm" in FLSA cases); *Lockwood v. Prince George's County*, 2000 U.S. App. LEXIS 15302 (4th Cir. 2000)(Affirming award of liquidated damages explaining they are the "norm" and that an employer may not take an ostrich-like approach and refuse to research its obligations under the FLSA and to objectively explain why it failed to comply with the FLSA); *Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399 (7th Cir. 1999)(Reversing the district court for not awarding liquidated damages, as doubling unpaid overtime is the rule, not an exception); *Nero v. Industrial Molding Corp.*, 167 F.3d 921 (5th Cir. 1999)(Affirming award of liquidated damages, as there is a presumption of entitlement to liquidated damages which are the norm).

Case ID: 191101144

40.     Plaintiff worked so hard for Defendants that he was told to help with inside sales in another location during his employment, causing Plaintiff to continue averaging 20-50 hours of overtime per week.  Plaintiff had thus towards the end of his employment performed inside sales work for the 1501 location and another physical location.

41.     Plaintiff upon information and belief also avers Defendants were falsely attributing substantial sums of money to Plaintiff in tax information that he never received to falsely understate actual income earned by Defendants.  Plaintiff avers that he will suffer significant and adverse tax complications as a result of this wrongdoing.

42.     In particular, Defendants issued Plaintiff a 2018, 1099-MISC Tax Form, which listed him as earning $203,255.15. *See* 2018 1099-MISC, attached hereto as "Exhibit C."

43.     Plaintiff in fact was paid a small fraction of that outrageous sum of money attributed to him falsely by Defendants and their unlawful accounting practices.

44.     Had Defendants not engaged in the aforesaid fraudulent scheme just to exploit Plaintiff, get substantial work at low cost, and upon information and belief do the same to others, Plaintiff *would not have accepted employment* with Defendants. Plaintiff relied to his detriment on Defendants' fraudulent representations of ownership instead of working elsewhere for adequate and properly paid income.

## Count I
### Fraud / Misrepresentation
### (Against All Defendants)

45.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

46.     Plaintiff was promised verbally and in writing by Defendants the prospect of business ownership, he was continually misled, excuses kept being given, and Plaintiff was never

Case ID: 191101144

provided with any contractual documents for the prospect of ownership as promises in conjunction with Plaintiff commencing work.

47.     Plaintiff lost other job opportunities, struggled with meager and unlawful income by Defendants, and was a victim of Defendants' scam perpetrated upon him and others. He also lost over $30,000.00 in money that was being held pending him being presented with a potential ownership agreement.

48.     All named individual Defendants are personally liable, as they are officers, high-level management and owners of Defendant PCS LLC. *See B&R Res., LLC v. Dep't of Envtl. Prot.*, 180 A.3d 812 (Cwlth Ct. Pa. 2017)(explaining participation in tortious activity warrants individual liability in Pennsylvania irrespective of whether a corporate veil can be pierced).

49.     Defendant individuals would separately be liable because they use their corporation to repeatedly commit unlawful acts, for fraud, and tax evasion. Thus, separately and independently, Defendants' corporate veil should and would be pierced (irrespective of the participation liability asserted herein).

**Count II**
**Violations of the Fair Labor Standards Act ("FLSA")**
**(Against All Defendants)**

50.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

51.     Plaintiff was not paid overtime compensation ever during his approximate year of employment with Defendants.

52.     Plaintiff was promised $1,000.00 per week, but he was rarely ever paid that sum in full. While he is owed substantial wages based upon this promised sum per week, his hourly

10

base rate would have been $25.00 per hour (and hence, his overtime rate would have been $37.50 per hour).

53.    Plaintiff averaged 20-50 hours of overtime per week for his approximate year of employment, making him owed over $70,000.00, which is doubled for liquidated damages.

54.    Plaintiff also worked many weeks not receiving even minimum wage, creating substantial minimum wage violations under the FLSA (separate and apart from owed overtime).

55.    All Defendants exercised control over Plaintiff's payroll, wages, and time worked. They all individually and collectively pervasively pay employees in cash, fail to abide by local, state and federal laws, and blanketly and without regard commit wage and overtime violations.[6] All Defendants are liable for such overtime violations.

### Count III
### Violations of the Pennsylvania Minimum Wage Act ("PMWA")
### (Against All Defendants)

56.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

57.    Plaintiff was not properly paid overtime or minimum wage, and the PMWA is interpreted and analyzed identically by way of exemptions with the FLSA.

58.    Plaintiff thus repeats and re-alleges each and every violation as set forth in Count II of this Complaint, as they also constitute violations of the PMWA.  Damage entitlements though are slightly different under the PMWA, so Plaintiff seeks the benefit of all damages available under the FLSA and PMWA.

---

[6] See e.g. Haybarger v. Lawrence Cty. Adult Prob. & Parole, 667 F.3d 408, 414 (3d Cir. 2012)(managers and corporate officers exercising control over wages or adverse actions under the FLSA are appropriate defendants under the FLSA and may be individually liable for such violations).

Case ID: 191101144

### Count IV
### Violations of the Pennsylvania Wage & Collection Law
### (Against All Defendants)

59.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

60.     Plaintiff was not paid all commissions promised, nor was he paid $1,000 per week as he was initially promised. Instead, he was sometimes paid for commissions in Defendants' discretion, and he was paid $400.00 - $1,000.00 depending upon what Defendant directed him to take in cash per week.

61.     Plaintiff remains owed substantial sums of money for unpaid wages, commission, and overtime compensation. These damages should be liquidated under applicable regulations.

### Count V
### Detrimental Reliance, Promissory Estoppel, Unjust Enrichment
### (Against All Defendants)

62.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

63.     Plaintiff relied to his detriment on assurances of a contract for business ownership, and it would be unjust for Defendants to retain $30,000.00 that was supposed to be only for ownership if an agreement were reached.

### Count VI
### Theft & Conversion
### (Against All Defendants)

64.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

65.     Defendants required Plaintiff in good faith to provide $30,000.00 in anticipation of it being incorporated into an ownership / equity / partnership agreement.

12

66.    Defendants never provided Plaintiff with any such agreement, and in essence stole and converted money that did not belong to them for their own benefit.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.    Defendants are to promulgate and adhere to a policy fraud and violations of local, state and federal laws;

B.    Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiffs would have received had it not been for Defendants' wrongful actions, including but not limited to owed commissions, wages, overtime, interest, and other damages available.

C.    Defendants are to be subjected to any and all penalties allowed by state or federal laws, including interest, liquidated damages, and punitive damages.

D.    Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused by Defendants' actions;

E.    Plaintiff is to be awarded punitive damages or other penalty damages as permitted by applicable law in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious, and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

F.    Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate;

G.    Plaintiff is to be awarded the costs and expenses of this action and reasonable attorneys' fees if permitted by applicable law (if applicable under relevant law); and

H.    Plaintiff is permitted to have a trial by jury.

13

Case ID: 191101144

Respectfully submitted,

**KARPF, KARPF, & CERUTTI, P.C.**

By: _____
      Ari R. Karpf, Esq.
      3331 Street Road
      Two Greenwood Square
      Suite 128
      Bensalem, PA 19020
      (215) 639-0801

Date:   November 8, 2019

14

Case ID: 191101144

## <u>VERIFICATION</u>

The undersigned states that the facts in the foregoing Complaint are true and correct to the best of his knowledge, information and belief. The undersigned understands that any intentionally false statements herein are subject to the penalties of 18 Pa. C.S. § 4904 relating to sworn and unsworn statements.

<u>Imtiaz Ali</u>

Date: <u>November 7, 2019</u>

13

Case ID: 191101144

# Exhibit A

Case ID: 191101444

**Operator Agreement**

This Non-Disclosure Agreement ("*Agreement*") is made and effective on 10-23-2017 by and between WPCS PA LLC ("*Owner*") and ___Imhaz Ali___ ("*Recipient*").

**1.  Confidential Information.**  In order for Recipient and Owner to evaluate and potentially enter into a contractual relationship, Owner proposes to disclose certain confidential and proprietary information (the "*Confidential Information*") to Recipient. Confidential Information shall include all ideas, concepts, marketing plans, business plans, data, materials, products, technology, computer programs, specifications, manuals, software, marketing plans, financial information, and other information disclosed or submitted, orally, in writing, or by any other media, to Recipient by Owner, and any information that Owner is required to keep confidential pursuant to an agreement with a third-party.

**2.  Recipient's Obligations.**  Recipient agrees that the Confidential Information is considered confidential and proprietary to Owner and Recipient shall hold the same in confidence, shall not use the Confidential Information other than for the purposes of its business with Owner, and shall disclose it only to its officers, directors, partners, or employees with a specific need to know. Recipient will not disclose, publish or otherwise reveal any of the Confidential Information received from Owner to any other party whatsoever except with the specific prior written authorization of Owner. Confidential Information furnished in tangible form shall not be duplicated by Recipient except for purposes contemplated by this Agreement. Upon the request of Owner, Recipient shall return all Confidential Information received in written or tangible form, including copies, or reproductions or other media containing such Confidential Information, within ten (10) days of such request. The foregoing obligations and restrictions do not apply to that part of the Confidential Information that Recipient demonstrates:

    (i)  was available or became generally available to the public other than as a result of a disclosure by Recipient; or

    (ii)  was available, or became available, to Recipient on a non-confidential basis prior to its disclosure to Recipient by the Owner or Owner's representative, but only if such information was not made available through a breach of confidentiality owed to Owner;

    (iii)  was requested or legally compelled (by oral questions, interrogatories, requests for information or documents, subpoena, civil or criminal investigative demand or similar process) or is required by a regulatory body to make any disclosure which is prohibited or otherwise constrained by this Agreement,; or

    (iv)  was independently developed by Recipient without breach of this Agreement.

**3.  Term.**  The obligations herein shall be binding upon Recipient for three (3) years from the date Owner last discloses any Confidential Information to Recipient pursuant to this Agreement. Further, the obligation not to disclose shall not be affected by bankruptcy, receivership, assignment, attachment or seizure procedures, whether initiated by or against Recipient, nor by the rejection of any agreement between Owner and Recipient, by a trustee of Recipient in bankruptcy, or by the Recipient as a debtor-in-possession or the equivalent of any of the foregoing under local law.

1

**4. Governing Law and Equitable Relief.** This Agreement shall be governed and construed in accordance with the laws of the United States and the state of Pennsylvania, and Recipient consents to the exclusive jurisdiction of the state courts and U.S. federal courts located in Palm Beach County, Florida for any dispute arising out of this Agreement. Recipient agrees that in the event of any breach or threatened breach by Recipient, Owner may obtain, in addition to any other legal remedies which may be available, such equitable relief as may be necessary to protect Owner against any such breach or threatened breach.

**5. Miscellaneous.** This Agreement terminates and supersedes all prior understandings or agreements on the subject matter hereof. This Agreement may be modified only by a further writing that is duly executed by both parties. Recipient may not assign this Agreement or any interest herein without Owner's express prior written consent. It is the desire and the intent of the parties that the terms and conditions of this Agreement shall be enforced to the fullest extent permitted under applicable laws. Accordingly, if any term of this Agreement is held by a court of competent jurisdiction to be invalid or unenforceable, or becomes by operation of law invalid or unenforceable, then this Agreement shall be deemed amended to delete therefrom the portion that is adjudicated or which becomes by operation of law invalid or unenforceable, such deletion to apply only with respect to the operation of that term or condition and the remainder of this Agreement will remain in full force and effect. Either party's failure to insist in any one or more instances upon strict performance by the other party of any of the terms of this Agreement shall not be construed as a waiver of any continuing or subsequent failure to perform or delay in performance of any term hereof. Headings used in this Agreement are provided for convenience only and shall not be used to construe meaning or intent.

**6. Notices.** Any notice required by this Agreement or given in connection with it, shall be in writing and shall be given to the appropriate party by e-mail, personal delivery or by certified mail, postage prepaid, or recognized overnight delivery services.

**7. Operator:** Understands that they will be running store at 1501 N 52nd St. in Philadelphia PA as an operator. This agreement is a preliminary agreement. Actual contract will be signed on or before 60-90 day period. Operator must comply with all rules and regulations with MetroPCS and WPCS.

If to Owner/Management :
5239 Frankford Ave. Philadelphia PA
Email: adil215@gmail.com

If to Recipient:
Imtiaz Ali

Email: Imtiaz191480@gmail.com

WPCS PA, LLC:                                RECIPIENT:

By: MANAGER - WPCS                          Imtiaz Ali
Name: IMTIAZ ALI                            Name:
Title: OPERATOR                             Title: Operator

2

# Exhibit B

Case ID: 191101144

**From:** Omar Abdelhafez <oabdelhafez@ayctwireless.com>
**Date:** February 19, 2018 at 1:07:55 PM EST
**To:** Imtiaz Ali <imtiaz19148@gmail.com>, Adil Ali <adil215@gmail.com>
**Subject: Re: Inventory Count @ 52nd - 1st WARNING/ WRITE UP**

Ali,

Thanks for clarifying, it was submitted @ 10:20, and your count was @ 0 missing phones. GJ

Best,

Omar Abdelhafez
Area Manager
Wireless PCS
MetroPCS Authorized Dealers

On Mon, Feb 19, 2018 at 1:04 PM, Imtiaz Ali <imtiaz19148@gmail.com> wrote:
> It was done it was submitted at 10: 20
>
> On Feb 19, 2018 12:57 PM, "Omar Abdelhafez" <oabdelhafez@ayctwireless.com> wrote:
>> Ali,
>>
>> Phone Count was not submitted today 2-19-18.
>>
>> This is your 1st WARNING/ WRITE UP. Failure to submit count on daily basis will result in termination.
>>
>> Phone count must be DONE ON DAILY BASIS.
>>
>>
>> Best,
>>
>> Omar Abdelhafez
>> Area Manager
>> Wireless PCS
>> MetroPCS Authorized Dealers

Case ID: 191101144

# Exhibit C

Case ID: 191101144

☐ CORRECTED (if checked)

| PAYER'S name, street address, city or town, state or province, country, ZIP or foreign postal code, and telephone no. | 1 Rents $ | OMB No. 1545-0115 | Miscellaneous Income |
|---|---|---|---|
| WirelessPCS PA, LLC<br>14337 S. Military Trail, Suite B<br>Delray Beach, FL 33484<br>561-549-1095 | 2 Royalties $ | 2018<br>Form 1099-MISC | |

| PAYER'S TIN | RECIPIENT'S TIN | 3 Other income $ | 4 Federal income tax withheld $ | Copy B For Recipient |
|---|---|---|---|---|
| 27-3852965 | | 5 Fishing boat proceeds $ | 6 Medical and health care payments $ | |

| RECIPIENT'S name, street address, city or town, state or province, country, and ZIP or foreign postal code | 7 Nonemployee compensation $ 203255.15 | 8 Substitute payments in lieu of dividends or interest $ | This is important tax information and is being furnished to the IRS. If you are required to file a return, a negligence penalty or other sanction may be imposed on you if this income is taxable and the IRS determines that it has not been reported. |
|---|---|---|---|
| Imtiaz Ali | 9 Payer made direct sales of $5,000 or more of consumer products to a buyer (recipient) for resale ▶ ☐ | 10 Crop insurance proceeds $ | |
| 2810 Passmore St.<br>Philadelphia PA 19149 | 11 | 12 | |

| Account number (see instructions) | FATCA filing requirement ☐ | 13 Excess golden parachute payments $ | 14 Gross proceeds paid to an attorney $ | |
|---|---|---|---|---|
| 15a Section 409A deferrals $ | 15b Section 409A income $ | 16 State tax withheld $ | 17 State/Payer's state no. | 18 State income $ |
| | | $ | | $ |

Form 1099-MISC   (keep for your records)   www.irs.gov/Form1099MISC   Department of the Treasury - Internal Revenue Service

DETACH BEFORE MAILING
MANUFACTURED ON OCR LASER BOND PAPER USING HEAT RESISTANT INKS

3

Case ID: 191101144